UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PROVIDENCE ZUMBO, as Administratrix of the
Estate of JOHN ZUMBO a/k/a JOHN D. ZUMBO,

                      Plaintiff,

    -against-

T. AND B. EQUIPMENT COMPANY, INC., ALLEN
GEORGE ROTHENBERGER,

                      Defendants.
------------------------------------------------------------------X

**07 CIV 6340**

*ECF CASE*

**COMPLAINT
AND JURY DEMAND**

Docket No.:

Plaintiff, by her attorneys, KURZMAN KARELSEN & FRANK, LLP, complaining of the Defendants, respectfully alleges as follows:

### INTRODUCTION

1. In this action, Plaintiff Providence Zumbo ("Plaintiff") seeks damages alleging negligence and wrongful death against Defendants T. And B. Equipment Company, Inc. a/k/a T B Equipment Co Inc ("T&B Equipment") and Allen George Rothenberger ("Rothenberger") arising out of a vehicle accident whereby Plaintiff's Decedent, John Zumbo a/k/a John D. Zumbo was struck and killed by a tractor trailer owned and operated by Defendant T&B Equipment and driven by Defendant Rothenberger at the time of the accident.

2. While the accident occurred in New York State, the Plaintiff and John D. Zumbo resided in the City of Greenwich, State of Connecticut at the time of the accident and John D. Zumbo resided in the City of Greenwich, State of Connecticut until the time of his death. Therefore, the law of Connecticut should govern on the issue of damages, including; the destruction of earning capacity, destruction of capacity to carry on and enjoy life's activities, conscious pain and suffering prior to death, the death itself, ante mortem expenses and funeral expenses and loss of the guidance, comfort and society of his presence for his family.

178316.2

## THE PARTIES

3. Plaintiff Providence Zumbo is a resident of the City of Greenwich, State of Connecticut.

4. Plaintiff's Decedent, John Zumbo a/k/a John D. Zumbo resided in the City of Greenwich, State of Connecticut, until his death.

5. Prior to the commencement of this action, and on or about July 24, 2006, Letters Administration for the Estate of John Zumbo a/k/a John D. Zumbo were issued to Plaintiff Providence Zumbo by decree of the Surrogate of the District of Greenwich, State of Connecticut, and Plaintiff is duly qualified and presently acting in such capacity.

6. Upon information and belief, defendant Rothenberger was and still is a resident of the City of Palmyra of the Commonwealth of Virginia.

7. Upon information and belief, defendant T B Equipment Co. Inc. was and still is a foreign corporation organized under the laws of the Commonwealth of Virginia.

## JURSIDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of Connecticut, and upon information and belief, defendants T&B Equipment and Rothenberger are residents of Virginia.

9. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) in that a substantial part (indeed, virtually all) of the events giving rise to the claims herein occurred in this District.

10. The amount in controversy in this action exceeds $75,000 excluding interest and costs as required by 28 U.S.C. § 1332(a).

178316.2

## AS AND FOR THE FIRST CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one through 8, inclusive, as if more fully stated herein.

12. At all times herein mentioned, the Defendant T&B Equipment was the owner of a motor vehicle described as a 2007 International Eagle bearing a Vehicle Identification Number: 2HSCNAPR37C392832, and displaying Maine license plate number 1825982 (the "Truck").

13. At all times herein mentioned, the Defendant T&B Equipment was the lessee of a 1999 Great Dane flat-bed semi-trailer bearing a Vehicle Identification Number: 1GRDM9626XM-025870, and displaying Virginia license plate number 64018PY as indicated on Maine Long Term Registration No. Q51880 (the "Trailer").

14. At all times herein mentioned, Defendant T&B Equipment hired Defendant Rothenberger.

15. At all times herein mentioned, Defendant Rothenberger was employed by Defendant T&B Equipment.

16. At all times herein mentioned, Defendant T&B Equipment trained Defendant Rothenberger.

17. At all times herein mentioned, Defendant T&B Equipment supervised Defendant Rothenberger.

18. At all times herein mentioned, Defendant Rothenberger operated the aforesaid Truck and Trailer.

19. At all times herein mentioned, Defendant Rothenberger operated the aforesaid Truck and Trailer with the permission of T&B Equipment.

20. At all times herein mentioned, Defendant Rothenberger operated the aforesaid

178316.2

3

Truck and Trailer within the scope of his employment with T&B Equipment.

21. At all times herein mentioned, Defendant Rothenberger controlled the aforesaid Truck and Trailer.

22. At all times herein mentioned, Defendant Rothenberger managed the aforesaid Truck and Trailer.

23. At all times herein mentioned, Defendant T&B Equipment managed the aforesaid Truck and Trailer.

24. At all times herein mentioned, Defendant Rothenberger maintained the aforesaid Truck and Trailer.

25. At all times herein mentioned, Defendant T&B Equipment maintained the aforesaid Truck and Trailer.

26. At all times herein mentioned, the Plaintiff's Decedent John Zumbo a/k/a John D. Zumbo was the lawful operator of a 2007 Cadillac passenger motor vehicle bearing a Connecticut license plate number 633ULN (the "Car").

27. That at all times herein mentioned, the intersection of Westchester Avenue and Webb Avenue, Harrison, New York (the "Intersection") were public roadways and/or public thoroughfares.

28. At all times herein mentioned, Plaintiff's Decedent John Zumbo a/k/a John D. Zumbo was a motorist lawfully at the Intersection.

29. On or about July 7, 2006, the aforesaid Truck and Trailer operated and controlled by Defendant Rothenberger came in contact with the Car operated by Plaintiff's Decedent, John Zumbo a/k/a John D. Zumbo.

30. As a result of the occurrence, Plaintiff's Decedent, John Zumbo a/k/a John D.

178316.2

4

Zumbo suffered injuries in and about his head, body, and limbs, and shock to his nerves and nervous system accompanied by great physical pain and extreme mental anguish, in contemplation of impending death, exacerbated by his mental condition, all of which was experienced by him prior to his death.

31. The aforesaid occurrence was caused by reason of the negligence of the Defendant Rothenberger.

32. The aforesaid occurrence was caused by reason of the negligence of the Defendant T&B Equipment.

33. As a result of John Zumbo a/k/a John D. Zumbo being struck by the Truck and Trailer operated and controlled by Defendant Rothenberger on July 7, 2006 ("the occurrence"), John Zumbo a/k/a John D. Zumbo died on July 7, 2006.

34. Defendant Rothenberger was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendant Rothenberger was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

35. Defendant T&B Equipment was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendant T&B Equipment was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

36. Defendant Rothenberger was in violation of statutes, codes, regulations and/or laws of the State of New York at the aforementioned time and location.

37. Defendant T&B Equipment was in violation of statutes, codes, regulations and/or laws of the State of New York at the aforementioned time and location.

38. By reason of the above, Plaintiff's Decedent sustained great pain, agony, injury, suffering, all of which caused, precipitated, and contributed to, his death on July 7, 2006.

39. That Plaintiff's Decedent, John Zumbo a/k/a John D. Zumbo sustained serious injuries as defined by law.

40. That Plaintiff's Decedent, John Zumbo a/k/a John D. Zumbo sustained serious injuries and economic loss.

41. That Plaintiff is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

42. Defendants are jointly and severally liable for this action falls which arises out of the use, operation or ownership of a motor vehicle.

43. By reason of the above, Plaintiff brings this action for the conscious pain and suffering of Plaintiff's Decedent for damages.

## AS AND FOR THE SECOND CLAIM FOR RELIEF

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one through 41, inclusive, as if more fully stated herein.

45. As a result of the injuries he sustained as set forth above, Plaintiff's Decedent, John Zumbo a/k/a John D. Zumbo died.

46. John Zumbo a/k/a John D. Zumbo was and is survived by, among others, his mother, Providence Zumbo, father, Carl J. Zumbo and his sister Christina Zumbo.

47. Prior to his death, John Zumbo a/k/a John D. Zumbo was in good health, and provided the guidance, comfort and society of his presence.

178316.2

6

48. By virtue of the death of John Zumbo a/k/a John D. Zumbo, Plaintiff Providence Zumbo as the mother of John Zumbo a/k/a John D. Zumbo has been deprived of the loss of the guidance, comfort and society of his presence.

49. By reason of the above, Plaintiff brings this action for the wrongful death of Plaintiff's Decedent on behalf of herself, and on behalf of all others entitled to compensation, for damages, both general and special, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, including; the destruction of earning capacity, destruction of capacity to carry on and enjoy life's activities, conscious pain and suffering prior to death, the death itself, ante mortem expenses and funeral expenses and loss of the guidance, comfort and society of his presence for his family.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A) On Plaintiff's First Count against T&B Equipment and Rothenberger Plaintiff demands judgment in an amount to be determined at trial, but no less than $10,000,000.00 (Ten Million Dollars).

B) On Plaintiff's Second Count against T&B Equipment and Rothenberger, Plaintiff demands judgment in an amount to be determined at trial, but no less than $10,000,000.00 (Ten Million Dollars).

**WHEREFORE**, this claim is brought and Plaintiff claims compensatory damages in an amount exceeding $10,000,000.00 (Ten Million Dollars), exclusive of interest and costs.

178316.2

7

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable by jury herein.

Dated: New York, New York
July 11, 2007

                        KURZMAN KARELSEN & FRANK, LLP

                        BY: _____
                              JOSEPH P. TUCKER (JT2006)
                              Attorneys for Plaintiff
                              PROVIDENCE ZUMBO, as
                              Administratrix of the Estate of JOHN
                              ZUMBO A/K/A JOHN D. ZUMBO
                              230 Park Avenue, 23rd floor
                              New York, New York 10169
                              (212) 867-9500

178316.2