UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X     Case No: 07 CIV 6340
PROVIDENCE ZUMBO, as Administratrix of the Estate of
JOHN ZUMBO a/k/a JOHN D. ZUMBO,
                                                                                    ANSWER
                                    Plaintiff,

            -against-

T. AND B. EQUIPMENT COMPANY, INC. ALLEN GEORGE
ROTHENBERGER,

                                    Defendants.

-----------------------------------------------------------------------X

        Defendants, T. AND B. EQUIPMENT COMPANY, INC. and ALLEN GEORGE

ROTHENBERGER,  by their attorneys, LEWIS JOHS AVALLONE AVILES, LLP, answering

the complaint of the plaintiff, upon information and belief, respectfully show to this Court and

allege:

        1.        Defendants deny each and every allegation contained in paragraph numbered "1"

of the plaintiff's complaint.

        2.        Defendants deny each and every allegation contained in paragraph numbered "2"

of the plaintiff's complaint.

        3.        Defendants deny having knowledge or information sufficient to form a belief as to

each and every allegation contained in paragraph numbered "3" of the plaintiff's complaint.

        4.        Defendants deny having knowledge or information sufficient to form a belief as to

each and every allegation contained in paragraph numbered "4" of the plaintiff's complaint.

5.      Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "5" of the plaintiff's complaint.

6.      Defendants admit each and every allegation contained in paragraph numbered "6" of the plaintiff's complaint.

7.      Defendants admit each and every allegation contained in paragraph numbered "7" of the plaintiff's complaint.

8.      Defendants deny each and every allegation contained in paragraph numbered "8" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

9.      Defendants deny each and every allegation contained in paragraph numbered "9" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

10.     Defendants deny each and every allegation contained in paragraph numbered "10" of the plaintiff's complaint.

## ANSWERING THE "FIRST" CLAIM FOR RELIEF

11.     Answering paragraph numbered "11" of the plaintiff's complaint, defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of plaintiff's complaint, designated as paragraphs "1" through "10" inclusive with the same force and effect as though more fully set forth at length herein.

12.    Defendants deny each and every allegation contained in paragraph numbered "12" of the plaintiff's complaint, except admit that defendant T and B Equipment was the owner of a motor vehicle described as a 2007 International Eagle bearing a Vehicle Identification Number: 2HSCNAPR37C392832 and displaying Virginia license plate number 64-018P4 1825982 (the "Truck").

13.    Defendants deny each and every allegation contained in paragraph numbered "13" of the plaintiff's complaint, except admit that defendant T and B Equipment was the lessee of a 1999 Great Dane flat-bed semi-trailer.

14.    Defendants admit each and every allegation contained in paragraph numbered "14" of the plaintiff's Complaint.

15.    Defendants admit each and every allegation contained in paragraph numbered "15" of the plaintiff's Complaint.

16.    Defendants admit each and every allegation contained in paragraph numbered "16" of the plaintiff's Complaint.

17.    Defendants deny each and every allegation contained in paragraph numbered "17" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

18.    Defendants admit each and every allegation contained in paragraph numbered "18" of the plaintiff's Complaint.

19.    Defendants admit each and every allegation contained in paragraph numbered "19" of the plaintiff's Complaint.

20.    Defendants admit each and every allegation contained in paragraph numbered "20" of the plaintiff's Complaint.

21.    Defendants deny each and every allegation contained in paragraph numbered "21" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

22.    Defendants deny each and every allegation contained in paragraph numbered "22" of the plaintiff's complaint.

23.    Defendants deny each and every allegation contained in paragraph numbered "23" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

24.    Defendants deny each and every allegation contained in paragraph numbered "22" of the plaintiff's complaint.

25.    Defendants admit each and every allegation contained in paragraph numbered "25" of the plaintiff's complaint.

26.    Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "26" of the plaintiff's complaint, and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

27.    Defendants admit each and every allegation contained in paragraph numbered

"27" of the plaintiff's complaint.

28.    Defendants deny each and every allegation contained in paragraph numbered "28" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

29.    Defendants deny each and every allegation contained in paragraph numbered "29" of the plaintiff's complaint, except admit that on or about July 7, 2006, the aforesaid truck and trailer operated by defendant Rothenberger came in contact with the car operated by plaintiff's decedent, John Zumbo a/k/a John D. Zumbo.

30.    Defendants deny each and every allegation contained in paragraph numbered "30" of the plaintiff's complaint.

31.    Defendants deny each and every allegation contained in paragraph numbered "31" of the plaintiff's complaint.

32.    Defendants deny each and every allegation contained in paragraph numbered "32" of the plaintiff's complaint.

33 .    Defendants deny each and every allegation contained in paragraph numbered "33" of the plaintiff's complaint.

34.    Defendants deny each and every allegation contained in paragraph numbered "34" of the plaintiff's complaint.

35.    Defendants deny each and every allegation contained in paragraph numbered "35" of the plaintiff's complaint.

36.    Defendants deny each and every allegation contained in paragraph numbered "36" of the plaintiff's complaint.

37.    Defendants deny each and every allegation contained in paragraph numbered "37" of the plaintiff's complaint.

38.    Defendants deny each and every allegation contained in paragraph numbered "38" of the plaintiff's complaint.

39.    Defendants deny each and every allegation contained in paragraph numbered "39" of the plaintiff's complaint.

40.    Defendants deny each and every allegation contained in paragraph numbered "40" of the plaintiff's complaint.

41.    Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "41" of the plaintiff's complaint.

42.    Defendants deny each and every allegation contained in paragraph numbered "42" of the plaintiff's complaint.

43.    Defendants deny each and every allegation contained in paragraph numbered "43" of the plaintiff's complaint.

## ANSWERING THE "SECOND" CLAIM FOR RELIEF

44.    Answering paragraph numbered "44" of the plaintiff's complaint, defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of plaintiff's complaint, designated as paragraphs "1" through "43" inclusive with the same force

and effect as though more fully set forth at length herein.

45.    Defendants deny each and every allegation contained in paragraph numbered "45" of the plaintiff's complaint.

46.    Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "46" of the plaintiff's complaint.

47.    Defendants deny each and every allegation contained in paragraph numbered "47" of the plaintiff's complaint.

48.    Defendants deny each and every allegation contained in paragraph numbered "48" of the plaintiff's complaint.

49.    Defendants deny each and every allegation contained in paragraph numbered "49" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50.    The plaintiff's cause of action is barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51.    The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52.    The plaintiff did not sustain serious and permanent injuries as defined by section 5102 of the Insurance Law of the State of New York, and  exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New

York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53.    The plaintiff did not use, or misused the seat belt and/or shoulder harness therein provided.  The injuries claimed to have been sustained were caused, contributed to and/or exacerbated by the lack of use, or misuse, of those protective devices, and the plaintiff's failure to obviate and/or mitigate any injuries sustained herein was in contravention of the decision of Spier v. Barker, 35 N.Y.2d 444 (1974) and in violation of Vehicle and Traffic Law section 1229-c.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54.    Whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the complaint were in whole or in part the result of the plaintiff's own culpable conduct.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55.    The plaintiff's complaint fails to state a cause of action as against these answering defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56.    If the liability of the answering defendants is found to be fifty (50%) percent or less of the total liability assigned to all persons liable, the liability of such defendants to the plaintiff for non-economic loss shall not exceed the defendants equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss, pursuant to Article 16 of the C.P.L.R.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

57.    If the liability of type this/these answering defendant (s), is found to be fifty

percent or less of the total liability assigned to all persons liable, the liability of such defendant(s)

to the claimant for non-economic loss shall not exceed the defendant(s) equitable share,

determined in accordance with the relative culpability of each person causing or contributing to

the total liability for non-economic loss.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58.    Upon information and belief, any past or future costs and/or expenses incurred or

to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitation

services, loss of earnings or other economic loss, has been or will with reasonable certainty be

replaced or indemnified in whole or in part from a collateral source as defined in section 4545(c)

of the CPLR.

59.    If any damages are recoverable against the answering defendants, the amount of

such damages shall be diminished by the amount of the funds which plaintiff has received or

shall receive from such collateral source.

WHEREFORE, defendants demand judgment dismissing the plaintiff's complaint,

together with the costs and disbursements of this action.

Dated: New York, New York
          August 28, 2007

LEWIS, JOHS, AVALLONE, AVILES, LLP
Attorneys for Defendants
30 Vesey Street-8th Floor
New York, New York 10007-4202
(212) 233-7195
LJAA File No.: 0114-1070-NY00

By: _____
    JOHN E. HORAN

TO:   KURZMAN KARELSEN & FRANK, LLP
Attorneys for Plaintiff
230 Park Avenue-Suite 2300
New York, New York 10169

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X    Case No: 07 CIV 6340
PROVIDENCE ZUMBO, as Administratrix of the Estate of
JOHN ZUMBO a/k/a JOHN D. ZUMBO,
                                                                                                NOTICE FOR AN
                                            Plaintiff,                                          EXAMINATION
                                                                                                BEFORE TRIAL

            -against-

T. AND B. EQUIPMENT COMPANY, INC. ALLEN GEORGE
ROTHENBERGER,

                                            Defendants.

-----------------------------------------------------------------------X

S I R S :

        **PLEASE TAKE NOTICE** that, pursuant to sections 3101 and 3107 of the Civil Practice

Law and Rules, the defendants, T. AND B. EQUIPMENT COMPANY, INC.  and ALLEN

GEORGE ROTHENBERGER, will cause to be taken testimony of the plaintiff, PROVIDENCE

ZUMBO, concerning all of the relevant facts and circumstances in connection with the issues

alleged in plaintiff's Verified Complaint, including negligence, contributory negligence, liability

and damages, and said person to be examined is required to produce all books, records and

papers in their custody and possession that may be relevant to the issues herein.

        **PLEASE TAKE FURTHER NOTICE** that such examination and deposition will be

taken at **30 Vesey Street, 8th Floor, New York, New York 10007-4202 on the 21st  day of**

**November, 2007 at 10:00 a.m.,** or at such time and place to which the parties or their attorneys

may stipulate.

Dated: New York, New York
            August 28, 2007

LEWIS, JOHS, AVALLONE, AVILES, LLP
Attorneys for Defendants
30 Vesey Street-8th Floor
New York, New York 10007-4202
(212) 233-7195
LJAA File No.: 0114-1070-NY00

By: _____
        JOHN E. HORAN

TO:    KURZMAN KARELSEN & FRANK, LLP
       Attorneys for Plaintiff
       230 Park Avenue-Suite 2300
       New York, New York 10169

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X          Case No: 07 CIV 6340
PROVIDENCE ZUMBO, as Administratrix of the Estate of
JOHN ZUMBO a/k/a JOHN D. ZUMBO,
                                                                                                        INTERROGATORIES

                                    Plaintiff,


            -against-


T. AND B. EQUIPMENT COMPANY, INC. ALLEN GEORGE
ROTHENBERGER,

                                    Defendants.


------------------------------------------------------------------------X

COUNSELORS :

                        PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal Rules of Civil

Procedure, demand is hereby made that the plaintiff answer under oath, the interrogatories

hereinafter set forth, within thirty (30) days and submit copies of the statement, reports, and

records requested:

                                                    DEFINITIONS

                        These interrogatories require that you furnish all information available to you,

including information in the possession of your attorneys, or other persons directly or indirectly

employed by, or connected with, you or your attorneys, and anyone else acting on your behalf or

otherwise subject to your control, and not merely such information known by your own personal

knowledge.

                        These Interrogatories are deemed continuing so as to require prompt supplemental

or amended answers if you or your representatives obtain further information between the time

the answers are served and the time of trial.

With respect to any response which is based upon the assertion of any privilege or the attorney work product doctrine, set forth the nature of the subject matter withheld and the grounds for withholding such information from production.

The following definitions are applied to these Interrogatories:

The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

The term "document" is defined to include writings, drawings, graphs, charts, photographs, phono records and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

"Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent know, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

"Identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s) and recipient(s).

"Parties". The terms "plaintiff" and "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the

litigation.

"Person" is defined as any natural person or any business, legal or governmental entity or association.

"Concerning" means relating to, referring to, describing, evidencing or constituting.

1. State the full name, date and place of birth, and residence during the past five years of all plaintiffs.

2. State whether you are married or single, and if married, give the full name of your spouse and his or her address, if not the same as your own and the reason for the different addresses and date of marriage.

3. Has any plaintiff ever been known by any other name, if so, give the other name or names and state where and when you used such names.

4. Has any plaintiff ever entered or been committed to any institution, either public or private, for the treatment or observation of mental conditions, alcoholism, narcotic addiction, or disorders of any kind, and if so, state:

   a. The name and address of such institution.

   b. The length of your stay and the dates therefor.

   c. The purpose or reason for your entry into such institution.

   d. The name and address of the doctor who treated you for such condition.

5. State the particular acts constituting the alleged negligence of the defendant.

6. State the Title, including Chapter and Section, of each and every Statute, Ordinance, Regulation, and Rules claimed to have been violated by the defendant.

7. State whether plaintiff or anyone acting on behalf of plaintiff obtained from any person or persons, any report, statement, memorandum or testimony concerning the accident involved in this cause of action.

    a.      If so, state the name, last known address and present whereabouts, if known, of said person.

    b.      If so, state when, where and by whom each such report, statement, memorandum, or testimony was obtained or made.

    c.      If so, state where each is located.

8.    State the name and last known address and present whereabouts, if known, of each person whom you or anyone acting in your behalf knows or believes to have witnessed the said accident.

9.    With respect to each of such witness, state the following information:

    a.      His exact location at the time of the accident.

    b.      His activity at the time of the accident.

10.    State whether plaintiff consumed any alcoholic beverage of any type, or any sedative, tranquilizer, or other drug, medicine, or pill during the 48 hours immediately preceding the incident referred to in the complaint, and if so, state:

    a.      The nature, amount, and type of item consumed.

    b.      The amount of the time over which consumed.

11.    Describe in detail, any emergency medical attention received at the scene of the accident, if any.

12.    If the plaintiff received treatment at any hospital or hospitals, describe such treatment, giving the name and address of each hospital, the date, and whether received as an out-patient or as an in-patient.

13.    If the plaintiff had any physical injuries, such as accidents, illnesses, or diseases within three years prior or subsequent to this accident, state:

    a.      Describe the nature of said injuries, illness, etc., and

    b.      State the name and address of each doctor who attended the plaintiff and/or the name and address of the hospital or hospitals where the plaintiff was treated.

14.    Has the plaintiff or anyone acting in plaintiff behalf at any time received any medical, hospital or x-ray reports for any hospital or physician concerning the injuries to the plaintiff, alleged to have been caused by the said accident.

      a.      If so, what is the date of each?

      b.      If so, where and from whom were such reports received?

      c.      If so, what type of reports were received in each instance (written or oral, medical, xray, hospital, etc.)?

      d.      If so, what is the name and address of the place or custody of each report?

15.      If loss of earnings will be claimed to have resulted from the alleged negligence, set forth the following:

    (a)      The loss of earnings that will be claimed.

    (b)      The name and address of the employer at the time of the alleged negligence.

    (c)      The decedent's occupation at the time of the alleged negligence.

    (d)      The decedent's gross earnings for the last calendar year prior to the alleged negligence.

    (e)      The decedent's gross earning for any calendar year(s) during which it will be claimed that the claimant was incapacitated from work.

    (f)      If the decedent was employed by another immediately prior to the alleged incapacitation, state:

      (1) The name and address of the employer.

      (2)      The decedent's weekly gross salary at that time.

    (g)      If the decedent was in whole or in part self-employed, state the decedent's earnings from such self-employment for each of the three (3) years prior to the alleged incapacitation.

    (h)      The last date the decedent worked prior to the alleged incapacitation.

    (i)      The dates the decedent worked prior to the alleged incapacitation.

    (j)      The amount and source of any reimbursement to the decedent or others for the alleged loss of earnings.

16.     Concerning the claim of physical injury to the decedent, state the following:

      (a)     The nature, location and extent of each injury it will be claimed was caused by the negligence of the answering defendant(s).

      (b)     If any injuries are claimed to be permanent, so state.

17.     If it will be claimed that the injuries to the decedent necessitated treatment by any physicians, psychologists or other therapists, set forth:

      (a)     The name of each such person.

      (b)     The dates of treatment.

18.     Decedent's residence or the residence of the decedent's estate's representative at the time of the commencement of this action.

19.     State the Social Security number of the decedent.

20.     Detail sums reimbursed to plaintiff(s) or decedent for medical and/or hospital expenses by medical insurance or other sources, identifying the reimbursor.

21.     If it is claimed that answering defendant(s) caused decedent's death, set forth the following:

      (a)     The date of death.

      (b)     The place of death.

      (c)     The cause of death which plaintiff(s) will claim at the time of trial.

      (d)     Was an autopsy performed?  If so, set forth the date and place where autopsy was performed.

      (e)     The name and address of the last treating physician.

(f)      The name and address of the physician who signed the death certificate.

(g)      The decedent's address at the time of death.

(h)      The decedent's date of birth.

22.    Set forth:

    (a)      The name,

    (b)      address,

    (c)      age, and

    (d)      the affinity to decedent of each person who it is claimed was dependent upon decedent for support at the time of death.

23.    If any loss of support is claimed, set forth the following:

    (a)      If the decedent was employed immediately prior to death:

        (1)  the decedent's annual salary;

        (2)  the name, and

        (3)  address of the employer.

    (b)      The decedent's occupation.

    (c)      The decedent's gross earnings for the last year worked prior to death.

    (d)      The amount contributed by decedent to the support of each of the above-named dependents in the last full year prior to death.

    (e)      The yearly earnings which, if will be claimed, have been lose as a result of decedent's death.

    (f)      The last date decedent worked prior to death.

    (g)      If the decedent was self-employed in whole or in part:

        (1)      The nature of such self-employment, and

      (2)    The earnings of such self-employment for the last year worked prior to death.

24.    Set forth any additional pecuniary loss which will be claimed as a result of the alleged wrongful death.

25.    If any special damages are claimed as a result of decedent's death, set forth, including but not limited to, the following:

    (a)    The charges for the above-named hospitals, separately listing each hospital bill.

    (b)    Physicians' charges.

    (c)    Nursing charges.

    (d)    Charges for medicine.

    (e)    Funeral expenses, including:

        (1)  the name,

        (2)  the address of the funeral home, and
        (3)  the place of final interment.

PLEASE TAKE FURTHER NOTICE, that those interrogatories shall be deemed continuing so as to require supplemental answers and submission of further statements, reports, or records, if plaintiff obtain additional information, statements, reports, and records of a character called for by the interrogatories between the time these interrogatories are answered and the time of trial.

Dated: New York, New York
       August 28, 2007

LEWIS, JOHS, AVALLONE, AVILES, LLP
Attorneys for Defendants
30 Vesey Street-8th Floor
New York, New York 10007-4202
(212) 233-7195
LJAA File No.: 0114-1070-NY00

By: _____
             JOHN E. HORAN


TO:    KURZMAN KARELSEN & FRANK, LLP
          Attorneys for Plaintiff
          230 Park Avenue-Suite 2300
          New York, New York 10169

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X     Case No: 07 CIV 6340
PROVIDENCE ZUMBO, as Administratrix of the Estate of
JOHN ZUMBO a/k/a JOHN D. ZUMBO,

                                    Plaintiff,

        -against-

T. AND B. EQUIPMENT COMPANY, INC. ALLEN GEORGE
ROTHENBERGER,

                              Defendants.

-------------------------------------------------------------------------X

**FIRST REQUEST FOR
DOCUMENTS AND
THINGS**

S I R S :

      **PLEASE TAKE NOTICE,** that the undersigned attorneys demand that you furnish the

following items pursuant to Rule 34 of the Federal Rules of Civil Procedure, within thirty (30)

days after service of this request:

        (1)      Copies of all medical records, reports, diagnoses, prognoses, as well as hospital
                 records, x-rays, charts and duly executed authorizations to examine any and all of
                 the aforementioned;

        (2)      A complete copy of the "no fault" file prepared by the insurance carrier to which
                 bills for "basic economic loss" were submitted, and a duly executed authorization
                 allowing the obtaining of the aforementioned;

        (3)      A copy of any statement given by or on behalf of the defendant serving this
                 request;

        (4)      The names and addresses of any witnesses known to plaintiff or plaintiff's attor-
                 neys;

        (5)      Photographs of the vehicles involved in the accident, photographs of the scene of
                 the alleged occurrence, and photographs of the plaintiff's injuries;

        (6)      The names and addresses of all physicians or other health-care providers of every

description who have consulted, examined or treated the plaintiff for the conditions allegedly caused by, or exacerbated by, the occurrence described in the complaint, including the date of such treatment or examination.

(7)     Duly executed and acknowledged written authorizations directed to any hospital, clinic or other health-care facility in which the injured plaintiff herein was treated at or confined to, due to the occurrence set forth in the complaint so as to permit the securing of a copy of the entire hospital record or records including x-rays and technicians' reports.

(8)     Duly executed and acknowledged written authorizations to allow defendant to obtain the complete office medical records relating to plaintiff, of each health-care provider identified above.

(9)     Duly executed and acknowledged written authorizations to allow defendant to obtain complete pharmacy or drug store records with respect to any drugs prescribed for plaintiff from one (1) year prior to the occurrence described in the complaint to the present.

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and provide the aforesaid items at the time and place required in this request, a motion will be made for the appropriate relief to this Court.

Dated: New York, New York
      August 28, 2007

                                    LEWIS, JOHS, AVALLONE, AVILES, LLP
                                    Attorneys for Defendants
                                    30 Vesey Street-8th Floor
                                    New York, New York 10007-4202
                                    (212) 233-7195
                                    LJAA File No.: 0114-1070-NY00

                By: _____
                            JOHN E. HORAN

TO:    KURZMAN KARELSEN & FRANK, LLP
       Attorneys for Plaintiff
       230 Park Avenue-Suite 2300
       New York, New York 10169

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PROVIDENCE ZUMBO, as Administratrix of the Estate of
JOHN ZUMBO a/k/a JOHN D. ZUMBO,

                                        Plaintiff,

        -against-

T. AND B. EQUIPMENT COMPANY, INC. ALLEN GEORGE
ROTHENBERGER,

                                        Defendants.

------------------------------------------------------------------------X

Case No: 07 CIV 6340

NOTICE FOR
DISCOVERY AND
INSPECTION


S I R S :

        PLEASE TAKE NOTICE, that pursuant to Rules 3101, et seq., of the CPLR, you are

hereby required to produce for discovery, inspection and photocopying at the office of LEWIS,

JOHS, AVALLONE, AVILES LLP, 30 Vesey Street, 8th Floor, New York, New York 10007-

4202, at 9:30 a.m. o'clock, on the 29th day of October, 2007, the following:

        1.    Letters of Administration or Letters Testamentary;

        2.    Death Certificate;

        3.    Autopsy Report and reports of the medical examiner or coroner's
              office, if any.

        PLEASE TAKE FURTHER NOTICE, that your failure to comply with the foregoing will

serve as a basis for an application at or before trial for appropriate relief, including sanctions, as

afforded by the CPLR and controlling case law.

Dated: New York, New York
        August 28, 2007

LEWIS, JOHS, AVALLONE, AVILES, LLP
Attorneys for Defendants
30 Vesey Street-8th Floor
New York, New York 10007-4202
(212) 233-7195
LJAA File No.: 0114-1070-NY00

By: _____
                JOHN E. HORAN


TO:    KURZMAN KARELSEN & FRANK, LLP
       Attorneys for Plaintiff
       230 Park Avenue-Suite 2300
       New York, New York 10169

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     Case No: 07 CIV 6340
PROVIDENCE ZUMBO, as Administratrix of the Estate of
JOHN ZUMBO a/k/a JOHN D. ZUMBO,

                                                 Plaintiff,     REQUEST FOR
                                                 Plaintiff,     EXPERT DISCOVERY

     -against-

T. AND B. EQUIPMENT COMPANY, INC. ALLEN GEORGE
ROTHENBERGER,

                                    Defendants.

-------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that pursuant to Rule 26 of the Federal Rules of Civil

Procedure, plaintiff is hereby directed to identify, state and provide, at the offices of LEWIS

JOHS AVALLONE AVILES LLP, 30 Vesey Street-8th Floor, New York, New York 10007-

4202 within thirty (30) days after service of this request:

    (1)     the name and address of each person whom you will call as an expert witness at
             trial;

    (2)     the qualifications of each person whom you intend to call as an expert witness at
             trial;

    (3)     the subject matter in reasonable detail upon which the expert is expected to
             testify;

    (4)     a statement of the facts and opinions upon which the expert is expected to testify;

    (5)     a detailed summary of those facts and opinions; and

    (6)     the resume and curriculum vitae of each expert upon whose testimony you will
             rely at trial.

**PLEASE TAKE FURTHER NOTICE**, that the within is a continuing request. In the event any of the above items are obtained after service hereof, it is to be immediately furnished to this office.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to produce, identify, state and/or provide the aforesaid items at the time and place required in this request, a motion will be made for the appropriate relief to this Court.

Dated: New York, New York
       August 28, 2007

                    LEWIS, JOHS, AVALLONE, AVILES, LLP
                    Attorneys for Defendants
                    30 Vesey Street-8th Floor
                    New York, New York 10007-4202
                    (212) 233-7195
                    LJAA File No.: 0114-1070-NY00

                    By: _____
                        JOHN E. HORAN

TO:    KURZMAN KARELSEN & FRANK, LLP
        Attorneys for Plaintiff
        230 Park Avenue-Suite 2300
        New York, New York 10169

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X          Case No: 07 CIV 6340
PROVIDENCE ZUMBO, as Administratrix of the Estate of
JOHN ZUMBO a/k/a JOHN D. ZUMBO,
                                                                                                    DISCLOSURE OF
                                        Plaintiff,                                                 INTERESTED PARTIES
                                                                                                    PURSUANT TO FRCP
            -against-                                                                         RULE 7.1

T. AND B. EQUIPMENT COMPANY, INC. ALLEN GEORGE
ROTHENBERGER,

                                        Defendants.

--------------------------------------------------------------------X

        I, John E. Horan, attorney for the defendants, T. AND B. EQUIPMENT COMPANY,

INC.  and ALLEN GEORGE ROTHENBERGER, having filed an initial pleading in the above-

captioned matter, make the following disclosure to the Court pursuant to FRCP Rule 7.1:

        The defendant T. AND B. EQUIPMENT COMPANY, INC.  has no corporate parents or

subsidiaries that are publicly held.

Dated: New York, New York
            August 28, 2007


                                    LEWIS, JOHS, AVALLONE, AVILES, LLP
                                    Attorneys for Defendants
                                    30 Vesey Street-8th Floor
                                    New York, New York 10007-4202
                                    (212) 233-7195
                                    LJAA File No.: 0114-1070-NY00


                            By: _____
                                    JOHN E. HORAN

TO:     KURZMAN KARELSEN & FRANK, LLP
        Attorneys for Plaintiff
        230 Park Avenue-Suite 2300
        New York, New York 10169