UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PROVIDENCE ZUMBO, as Administratrix of the
Estate of JOHN ZUMBO a/k/a JOHN D. ZUMBO,     CIV. NO. 07 CV 6340 (LMM)

                      Plaintiff,

    -against-

T. AND B. EQUIPMENT COMPANY, INC.,
ALLEN GEORGE ROTHENBERGER,

                      Defendants.
------------------------------------------------------------X

# EXHIBIT "B"

## TO

## DECLARATION IN SUPPORT OF
## PLAINTIFF'S IN LIMINE
## MOTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   Case No: 07 CIV 6340
PROVIDENCE ZUMBO, as Administratrix of the Estate of
JOHN ZUMBO a/k/a JOHN D. ZUMBO,

ANSWER

                        Plaintiff,

      -against-

T. AND B. EQUIPMENT COMPANY, INC. ALLEN GEORGE
ROTHENBERGER,

                       Defendants.

-----------------------------------------------------------------------X

      Defendants, T. AND B. EQUIPMENT COMPANY, INC. and ALLEN GEORGE ROTHENBERGER, by their attorneys, LEWIS JOHS AVALLONE AVILES, LLP, answering the complaint of the plaintiff, upon information and belief, respectfully show to this Court and allege:

      1.      Defendants deny each and every allegation contained in paragraph numbered "1" of the plaintiff's complaint.

      2.      Defendants deny each and every allegation contained in paragraph numbered "2" of the plaintiff's complaint.

      3.      Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "3" of the plaintiff's complaint.

      4.      Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "4" of the plaintiff's complaint.

5. Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "5" of the plaintiff's complaint.

6. Defendants admit each and every allegation contained in paragraph numbered "6" of the plaintiff's complaint.

7. Defendants admit each and every allegation contained in paragraph numbered "7" of the plaintiff's complaint.

8. Defendants deny each and every allegation contained in paragraph numbered "8" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

9. Defendants deny each and every allegation contained in paragraph numbered "9" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

10. Defendants deny each and every allegation contained in paragraph numbered "10" of the plaintiff's complaint.

## ANSWERING THE "FIRST" CLAIM FOR RELIEF

11. Answering paragraph numbered "11" of the plaintiff's complaint, defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of plaintiff's complaint, designated as paragraphs "1" through "10" inclusive with the same force and effect as though more fully set forth at length herein.

12. Defendants deny each and every allegation contained in paragraph numbered "12" of the plaintiff's complaint, except admit that defendant T and B Equipment was the owner of a motor vehicle described as a 2007 International Eagle bearing a Vehicle Identification Number: 2HSCNAPR37C392832 and displaying Virginia license plate number 64-018P4 1825982 (the "Truck").

13. Defendants deny each and every allegation contained in paragraph numbered "13" of the plaintiff's complaint, except admit that defendant T and B Equipment was the lessee of a 1999 Great Dane flat-bed semi-trailer.

14. Defendants admit each and every allegation contained in paragraph numbered "14" of the plaintiff's Complaint.

15. Defendants admit each and every allegation contained in paragraph numbered "15" of the plaintiff's Complaint.

16. Defendants admit each and every allegation contained in paragraph numbered "16" of the plaintiff's Complaint.

17. Defendants deny each and every allegation contained in paragraph numbered "17" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

18. Defendants admit each and every allegation contained in paragraph numbered "18" of the plaintiff's Complaint.

19. Defendants admit each and every allegation contained in paragraph numbered "19" of the plaintiff's Complaint.

20. Defendants admit each and every allegation contained in paragraph numbered "20" of the plaintiff's Complaint.

21. Defendants deny each and every allegation contained in paragraph numbered "21" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

22. Defendants deny each and every allegation contained in paragraph numbered "22" of the plaintiff's complaint.

23. Defendants deny each and every allegation contained in paragraph numbered "23" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

24. Defendants deny each and every allegation contained in paragraph numbered "22" of the plaintiff's complaint.

25. Defendants admit each and every allegation contained in paragraph numbered "25" of the plaintiff's complaint.

26. Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "26" of the plaintiff's complaint, and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

27. Defendants admit each and every allegation contained in paragraph numbered

"27" of the plaintiff's complaint.

28. Defendants deny each and every allegation contained in paragraph numbered "28" of the plaintiff's complaint and refer all questions of law and fact to this Honorable Court and the triers of fact at the trial of this action.

29. Defendants deny each and every allegation contained in paragraph numbered "29" of the plaintiff's complaint, except admit that on or about July 7, 2006, the aforesaid truck and trailer operated by defendant Rothenberger came in contact with the car operated by plaintiff's decedent, John Zumbo a/k/a John D. Zumbo.

30. Defendants deny each and every allegation contained in paragraph numbered "30" of the plaintiff's complaint.

31. Defendants deny each and every allegation contained in paragraph numbered "31" of the plaintiff's complaint.

32. Defendants deny each and every allegation contained in paragraph numbered "32" of the plaintiff's complaint.

33. Defendants deny each and every allegation contained in paragraph numbered "33" of the plaintiff's complaint.

34. Defendants deny each and every allegation contained in paragraph numbered "34" of the plaintiff's complaint.

35. Defendants deny each and every allegation contained in paragraph numbered "35" of the plaintiff's complaint.

36. Defendants deny each and every allegation contained in paragraph numbered "36" of the plaintiff's complaint.

37. Defendants deny each and every allegation contained in paragraph numbered "37" of the plaintiff's complaint.

38. Defendants deny each and every allegation contained in paragraph numbered "38" of the plaintiff's complaint.

39. Defendants deny each and every allegation contained in paragraph numbered "39" of the plaintiff's complaint.

40. Defendants deny each and every allegation contained in paragraph numbered "40" of the plaintiff's complaint.

41. Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "41" of the plaintiff's complaint.

42. Defendants deny each and every allegation contained in paragraph numbered "42" of the plaintiff's complaint.

43. Defendants deny each and every allegation contained in paragraph numbered "43" of the plaintiff's complaint.

## ANSWERING THE "SECOND" CLAIM FOR RELIEF

44. Answering paragraph numbered "44" of the plaintiff's complaint, defendants repeat and reiterate each and every denial heretofore made in regard to each and every paragraph of plaintiff's complaint, designated as paragraphs "1" through "43" inclusive with the same force

and effect as though more fully set forth at length herein.

46. Defendants deny each and every allegation contained in paragraph numbered "45" of the plaintiff's complaint.

46. Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "46" of the plaintiff's complaint.

47. Defendants deny each and every allegation contained in paragraph numbered "47" of the plaintiff's complaint.

48. Defendants deny each and every allegation contained in paragraph numbered "48" of the plaintiff's complaint.

49. Defendants deny each and every allegation contained in paragraph numbered "49" of the plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. The plaintiff's cause of action is barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York. *NO FAULT*

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. The plaintiff did not sustain serious and permanent injuries *— DEATH* as defined by section 5102 of the Insurance Law of the State of New York, and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New

York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. The plaintiff did not use, or misused the seat belt and/or shoulder harness therein provided. The injuries claimed to have been sustained were caused, contributed to and/or exacerbated by the lack of use, or misuse, of those protective devices, and the plaintiff's failure to obviate and/or mitigate any injuries sustained herein was in contravention of the decision of Spier v. Barker, 35 N.Y.2d 444 (1974) and in violation of Vehicle and Traffic Law section 1229-c.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. Whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the complaint were in whole or in part the result of the plaintiff's own culpable conduct.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. The plaintiff's complaint fails to state a cause of action as against these answering defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56. If the liability of the answering defendants is found to be fifty (50%) percent or less of the total liability assigned to all persons liable, the liability of such defendants to the plaintiff for non-economic loss shall not exceed the defendants equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss, pursuant to Article 16 of the C.P.L.R.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

57. If the liability of type this/these answering defendant (s), is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant(s) to the claimant for non-economic loss shall not exceed the defendant(s) equitable share, determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in section 4545(c) of the CPLR.

59. If any damages are recoverable against the answering defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has received or shall receive from such collateral source.

WHEREFORE, defendants demand judgment dismissing the plaintiff's complaint, together with the costs and disbursements of this action.

Dated: New York, New York
      August 28, 2007

LEWIS, JOHS, AVALLONE, AVILES, LLP
Attorneys for Defendants
30 Vesey Street-8th Floor
New York, New York 10007-4202
(212) 233-7195
LJAA File No.: 0114-1070-NY00

By: _____
JOHN E. HORAN

TO:   KURZMAN KARELSEN & FRANK, LLP
      Attorneys for Plaintiff
      230 Park Avenue-Suite 2300
      New York, New York 10169